**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHELLE ORPILLA,<br><br>        Plaintiff,<br><br>    v.<br><br>SCHENKER, INC.,<br><br>        Defendant. | Case No. 19-cv-08392-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; TERMINATING DEFENDANT'S MOTION TO TRANSFER VENUE AS MOOT**<br><br>[Re: ECF 24, 27] |

Plaintiff, Michelle Orpilla, bring this putative class action against Defendant Schenker, Inc. for alleged violations of the Fair Credit Reporting Act (the "FCRA"). *See* Exhibit A to Notice of Removal ("Compl."), ECF 1-2. Defendant removed the action to this Court on the ground that Plaintiff's claim for relief invokes federal law and thus federal jurisdiction is established per 28 U.S.C. § 1331. Notice of Removal at 2, ECF 1. Before the Court is Plaintiff's Motion to Remand to state court. Motion, ECF 24. For the reasons stated below, the Court GRANTS Plaintiff's Motion and REMANDS the case to Superior Court of the State of California for the County of Santa Clara. The Court also TERMINATES Defendant's Motion to Transfer Venue at ECF 27 as MOOT and VACATES the hearing scheduled for May 28, 2020.

**I.     BACKGROUND**

Plaintiff alleges that she was employed by Defendant on or about November 20, 2017. Compl. ¶ 20. When Plaintiff applied for employment, Defendant performed a background investigation on her. *Id.* ¶ 21. According to Plaintiff, Defendant failed to provide legally compliant disclosures and authorization forms to Plaintiff. *Id.* ¶ 22. Plaintiff further alleges that Defendant routinely acquires consumer, investigative consumer and/or consumer credit reports (collectively

"credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and uses information from credit and background reports in connection with its hiring process without providing proper disclosures and obtaining proper authorization in compliance with the FCRA. Compl. ¶ 2.

Plaintiff alleges that Defendant's "credit and background reports" are "consumer reports" within the meaning of section 1681a(d)(1) of the FCRA. Compl. ¶ 27. Plaintiff further alleges that Defendant's "credit and background reports" violated Section 1681b(b)(2)(A) of the FCRA, which establishes the conditions upon which employers may furnish and use consumer reports – specifically, requiring the employer to provide "[a written] clear and conspicuous disclosure" that "consists solely of the disclosure" and receive a written authorization from the prospective employee. *See* Compl. ¶ 28 (citing 15 U.S.C.A. § 1681b(b)(2)(A), "standalone requirement"). According to Plaintiff, Defendant's disclosures violated the FCRA because they "are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents." *Id.* ¶ 32.

Plaintiff alleges two instances of "extraneous information" in the disclosures in violation of the stand-alone disclosure requirement of FCRA. First, the disclosures that Plaintiff received included state-specific disclosure applicable to New York applicants or employees. Compl. ¶ 22. Second, Defendant required a "liability release" in the disclosure form, which the Federal Trade Commission ("FTC") has found to be in violation of the FCRA § 1681 b(b)(2)(A). *See* Compl. ¶¶ 39; 36. Plaintiff alleges that Defendant acted "in deliberate or reckless disregard of their obligations and the rights of applicants and employees" because (1) Defendant is a large corporation with access to legal advice; (2) Defendant requires authorization to perform credit and background checks in its employment application process; (3) the statute's language is clear as to the requirements for the disclosures; and (4) the FTC statement regarding impermissibility of "liability waiver" in disclosures predates Defendant's Conduct. *Id.* ¶ 38.

As a result of Defendant's "unlawful procurement of credit and background reports by way of their inadequate disclosures," Plaintiff alleges that Plaintiff and other similarly situated individuals were "injured, including but not limited to, having their privacy and statutory rights

invaded in violation of the FCRA." Compl. ¶ 42. Accordingly, Plaintiff seeks to recover "statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs." *Id.* ¶ 43; *see also* Prayer for Relief.

On November 20, 2019, Plaintiff filed this putative class action against Defendant in the Superior Court of California, County of Santa Clara. *See* Compl. The Complaint alleges one cause of action for violation of sections 15 U.S.C. §§ 1681b(b)(2)(A) of the FCRA. On December 23, 2019, Defendants removed this action to Federal Court because Plaintiff brought a federal claim arising under the FCRA. *See* Notice of Removal.

Plaintiff moves this Court to remand this action to California state court because "there is no Article III standing since the background check claims brought by Plaintiff under the Fair Credit Reporting Act does not assert that she has suffered an 'injury in fact' that would satisfy Article III's 'case and controversy' requirement." Motion at 2.

## II. LEGAL STANDARD

### A. Removal

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

When the Court determines that it lacks subject matter jurisdiction over an action that has been removed to federal court, the Court must remand the case to state court. *Polo v. Innoventions Int'l LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of

3

1  federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate
2  the matter. State courts are not bound by the constraints of Article III.")

### B.     Article III Standing

In *Spokeo*, the Supreme Court reaffirmed that to have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, for the purposes of this Motion, neither party denies that Plaintiff has alleged facts showing that the alleged statutory violations of the FCRA are traceable to Defendant's conduct, and that the alleged violations are redressable by statutory damages. Accordingly, the remainder of the discussion on the standing issue is addressed solely to the requirement of injury in fact.

To establish injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). To be "particularized," an injury "must affect the plaintiff in a personal and individual way." *Id.* (citing *Lujan*, 504 U.S. at 560 n.1). The Supreme Court in *Spokeo* distilled several "general principles" from its prior cases with respect to concreteness. *Id.* at 1549–50. A concrete injury is one that is "'real,' and not 'abstract.'" *Id.* at 1548 (citation omitted). Tangible injuries plainly satisfy this requirement. *Id.* at 1549. Nevertheless, intangible injuries may also be concrete. *Id.* In evaluating whether an intangible injury satisfies the "concreteness" requirement, the *Spokeo* Court identified two important considerations (1) "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts" and (2) the judgment of Congress, which "'has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.'" *Id.* (quoting *Lujan*, 504 U.S. at 580 (Kennedy, J., concurring in part and concurring in judgment)).

The Supreme Court then elaborated on the connection between statutory standing and concrete injury. First, the Court explained that "Article III standing requires a concrete injury even in the context of a statutory violation[.]" *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488,

4

496 (2009)). Therefore, "[a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* At the same time, the Supreme Court observed, in cases where "harms may be difficult to prove or measure[,]" "the violation of a procedural right granted by statute can be sufficient ... [and] a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.* (citing *FEC v. Akins*, 524 U.S. 11, 20–25 (1998); *Pub. Citizen v. De"t of Justice*, 491 U.S. 440, 449 (1989)). The Supreme Court noted that although one of the FCRA's purposes is to protect against inaccurate credit reporting, "not all inaccuracies cause harm or present any risk of harm." *Id.* at 1550.

### III. DISCUSSION

#### A. Request for Judicial Notice

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

In connection with its opposition to Plaintiff's Motion, Defendant requests that the Court take judicial notice of four documents: (1) the first amended complaint filed in the United States District Court, Eastern District of California, on September 2, 2014, in the case entitled *Sarmad Syed v. M-I LLC and PreCheck, Inc.*, Case No. 14-cv-00742-WBS-BAM (Exhibit A); (2) the complaint filed in the Superior Court of the State of California, for the County of Los Angeles, on July 20, 2015, in the case entitled *Desiree Gilberg v. California Check Cashing Stores, Inc. and

5

*Checksmart Financial, LLC*, Case No. B558602 (Exhibit B); (3) portions of plaintiff's reply in support of motion for class certification, filed in the United States District Court, Central District of California, Civil Division, on November 30, 2018, in the case entitled *Pitre v. Wal-Mart Stores, Inc.*, Case No. 17-cv-1281-DOC-DFM (Exhibit C); and (4) defendant's opposition to plaintiff's motion to remand, filed in the United States District Court, Eastern District of California, Sacramento Division, on October 22, 2019, in the case entitled *Desiree Gilberg v. California Check Cashing Stores, Inc. and Checksmart Financial, LLC*, Case No. 15-cv-02309-JAM-AC. (Exhibit D). ECF 28-1; ECF 28-2. Plaintiff has not objected to Defendant's request. Because these documents are public court documents, the Court GRANTS Defendant's request and takes judicial notice of Exhibits A-D at ECF 28-2.

### B.  Article III Standing

Plaintiff moves to remand this case to state court on one ground: relying on *Spokeo*, Plaintiff argues that "while the complaint contains claims under the Federal Fair Credit Reporting Act, there is no subject matter jurisdiction over those claims since Article III standing is lacking." Motion at 4. In response, Defendant cites to three Ninth Circuit decisions and argues that noncompliant FCRA disclosures give rise to "substantive privacy and informational injuries," which according to Defendant, constitute "injury-in-fact." Defendant Schenker, Inc.'s Opposition to Plaintiff's Motion "Opp'n") at 5 (citing *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017); *Gilberg v. California Check Cashing Stores*, LLC, 913 F.3d 1169, 1175 (9th Cir. 2019); *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1084 (9th Cir. 2020)), ECF 28.

It is true that alleged procedural violation of a statute "can by itself manifest a concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). However, none of the Ninth Circuit cases Defendant cites support the conclusion that mere procedural violations of FCRA's standalone requirement for consumer reports – the basis for Plaintiff's allegations in this case – without more, can establish concrete injury and confer Article III standing.

Defendant relies heavily on *Syed* for the proposition that alleging a mere violation of the FCRA's standalone disclosure requirement is sufficient to demonstrate a "concrete" injury to

6

Plaintiff's right to "privacy" and "information." *See* Opp'n at 8-9. *Syed* is factually similar to this case to the extent that the plaintiff in *Syed* received a disclosure document that included a liability waiver – allegedly in violation of § 1681b(b)(2)(A)(i). But the plaintiff in *Syed*, unlike Plaintiff in this case, had alleged that he "discovered [defendant]'s violation(s) within the last two years when he obtained and reviewed his personnel file from [defendant] and discovered that [defendant] had procured and/or caused to be procured a 'consumer report' regarding him for employment purposes based on the illegal disclosure and authorization form." *Syed*, 853 F.3d at 499. The *Syed* court found this allegation "sufficient ***to infer*** that Syed was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(I)–(ii) because it indicates that ***Syed was not aware that he was signing a waiver authorizing the credit check when he signed it***." *Id.* (emphasis added).

The *Syed* court went on to conclude that it could "fairly ***infer that Syed was confused*** by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." *Syed*, 853 F.3d at 499-500 (emphasis added). Here, Plaintiff has made no allegations of confusion, late discovery of Defendant's violation of the FCRA, or any other allegation from which the Court may infer that she was confused or that she would not have signed the document if she had received clear disclosures. Thus, the Court disagrees with Defendant's analysis that "according to *Syed*, the alleged inclusion of a liability release in an FCRA disclosure form necessarily implicates a plaintiff's substantive rights and confers standing." *See* Opp'n at 9. In fact, "[m]any district courts have dismissed FCRA claims that are based on bare procedural violations similar to the alleged disclosure violation in *Syed*." *Williams v. Nichols Demos, Inc.*, No. 5:17-CV-07101-EJD, 2018 WL 3046507, at *4 (N.D. Cal. June 20, 2018) (collecting cases and finding no Article III standing where plaintiff alleged violation of standalone disclosure requirement of the FCRA based on inclusion of liability release and other extraneous information); *compare with Bebault v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD, 2020 WL 2065646, at *1 (N.D. Cal. Apr. 29, 2020) (finding Article III standing where plaintiffs expressly alleged that they were "confused by the extraneous information" in defendant's disclosure); *Taafua v. Quantum Glob. Techs.*, LLC, No. 18-CV-06602-VKD, 2020 WL 95639, at

7

1   *6 (N.D. Cal. Jan. 8, 2020) (same).

2   Next, Defendant relies on *Gilberg* and *Fred Meyer* because in those cases, the Ninth Circuit summarily concluded that it had jurisdiction to hear the appeal. The Court is not persuaded that these cases support Defendant's position. In *Gilberg* and *Fred Meyer*, the Ninth Circuit did not address or discuss the issue of Article III standing – but instead, clarified the contours of the FCRA's standalone disclosure requirement. *See Gilberg*, 913 F.3d at 1175-76 (clarifying that the standalone requirement applies to all extraneous and irrelevant information, not just the liability waiver at issue in *Syed*); *Fred Meyer*, 953 F.3d at 1088-89 (clarifying that "beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,' some concise explanation of what that phrase means may be included as part of the 'disclosure' required by § 1681b(b)(2)(A)(i)"). *Gilberg* is distinguishable for one more reason. As Defendant concedes, when the plaintiff in *Gilberg* filed her appeal to the Ninth Circuit, "she expressly conceded that the district court had subject matter jurisdiction over the case, and that the Ninth Circuit had jurisdiction over the appeal." Opp'n at 9 n. 1. No such concession was made here.

In sum, while procedural violations that have resulted in real harm – or even a risk of real harm – may be sufficient to meet the "injury-in-fact" requirement of Article III, Plaintiff in this case has alleged no such injury. Instead, the crux of Plaintiff's Complaint is that the disclosure form did not technically comply with the requirements of the FCRA. This is the kind of bare procedural violation that the Supreme Court described in *Spokeo* as insufficient. Specifically, Plaintiff alleges that when she applied for employment, Defendant performed a background investigation on her – containing a liability waiver and other extraneous information in violation of the FCRA. Compl. ¶¶ 21, 37. Plaintiff does not allege that she was "confused" by the disclosure or that she would not have signed the authorization had it been presented separately from the liability waiver or other extraneous information. Plaintiff does not allege that she was not aware she was authorizing a background check when she was presented with the disclosures. Nor does Plaintiff allege that she was unaware she was releasing liability. Plaintiff does not allege that she was denied employment based on the consumer report that Defendant allegedly procured – in fact she alleges that she was hired by Defendant. Compl. ¶ 20. Nor does Plaintiff allege that the consumer report was inaccurate.

United States District Court
Northern District of California

8

1  Accordingly, because Plaintiff has not alleged any concrete harm, she lacks Article III standing to
2  assert her FCRA claim in this Court.

3  Finally, Defendant argues that Plaintiff has alleged a concrete injury because she "expressly alleges an injury to her privacy rights[.]" Opp'n at 10-11 (citing Compl. ¶ 42). Specifically, Plaintiff alleges that her "privacy and statutory rights" were invaded in violation of the FCRA. Compl. ¶ 42. But "a reference to invaded 'privacy and statutory rights,' … [is] insufficient to describe a concrete and particularized harm." *Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019); *see also Arroyo v. J.R. Simplot Co.*, No. 18-CV-07187-LHK, 2019 WL 2338518, at *3 (N.D. Cal. June 3, 2019) (finding insufficient allegations that "Plaintiff and other class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA"). As was the case in *Arroyo*, Defendant "is unable to point to any decision in which a court held that conclusory allegations of harm to 'privacy and statutory rights' resulting from a failure to comply with the FCRA's disclosure requirements suffice to allege Article III standing." *Arroyo*, 2019 WL 2338518, at *3.

In conclusion, the Court holds that it lacks subject matter jurisdiction to hear this case because Plaintiff's Complaint fails to establish Article III standing.

### C. Plaintiff's Pleadings

Defendant argues that Plaintiff is employing "artful" and "imprecise" pleading to evade federal jurisdiction because she makes no representations in her Complaint or in support of her Motion to Remand "disclaiming any injury-in-fact." Opp'n at 13. According to Defendant, Plaintiff seeks to remand this action ***without indicating*** whether she claims an 'injury-in-fact,' in hopes she can preserve her ability to later ***argue the opposite***—that she was confused and/or misled by the supposedly 'extraneous' language." *Id.* (emphasis in original). For support, Defendant analogizes this case to those where plaintiffs manipulate or conceal the amount-in-controversy to avoid federal jurisdiction. *Id.* at 14. Plaintiff responds that "the FCRA provides a for [sic] statutory damages against those who fail to comply even in the absence of actual harm" and thus, "Plaintiff need not plead actual harm or lack thereof as part of her FCRA claim." Reply at 7, ECF 30.

United States District Court
Northern District of California

9

Under the artful pleading rule, a "plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (citation omitted). The Court is not persuaded that Plaintiff has omitted facts necessary to federal jurisdiction. The Complaint is clearly brought under federal law: the FCRA. And the FCRA provides for statutory damages of $100 to $1,000 even if no actual damages are sustained. 15 U.S. Code § 1681n(a). Accordingly, Plaintiff is free to plead (truthfully, of course) that she did or did not sustain actual harm. Defendant's speculative arguments regarding what Plaintiff may or may not do at later stages of the litigation are simply irrelevant. So are Defendant's citations to Plaintiff's counsel's arguments in other unrelated cases. *See e.g.* Opp'n at 14-15.

And the authority that Defendant cites are inapposite. For example, in *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41 (1st Cir. 2009), the First Circuit criticized plaintiff for not discrediting the facts upon which the defendant relied to establish amount-in-controversy. *Id.* at 51. Here, there are no facts to dispute – plaintiff has simply not alleged that she was harmed and Defendant does not (and realistically cannot) present that she was. In *Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006) – a case involving a specific and narrow issue not present here – *after* defendants carried their burden to establish federal jurisdiction under Class Action Fairness Act ("CAFA"), plaintiffs invoked "local controversy exception" to CAFA – which requires evidence about the composition of the plaintiff class. *Id.* at 1164. Under the CAFA framework, the Eleventh Circuit put the burden on plaintiffs who had "better access to information about the scope and composition of that class." *Id.* at 1164 n. 3. In contrast, Plaintiff is not invoking an exception to federal jurisdiction.

In sum, the Court is not persuaded that Plaintiff has evaded federal jurisdiction by "artful pleading" or that she was required to plead additional facts in her Complaint or disclaim injury-in-fact in her Motion to Remand.

**D.    Defendant's Request for Jurisdictional Discovery**

Next, Defendant argues that even if this Court finds that an injury-in-fact is established by Plaintiff's Complaint, it should nonetheless allow Defendant limited jurisdictional discovery – by deposing Plaintiff – to determine whether Plaintiff has Article III standing (*e.g.*, whether she was

confused by the disclosure). Defendant claims that without discovery, it has "no means to know what Plaintiff subjectively understood or intended when she read the FCRA disclosure and authorized a background check." Opp'n at 17. According to Defendant, remanding this case without granting limited discovery "would deprive Schenker of due process." Opp'n at 16.

The Court disagrees. Congress authorized citizens to vindicate their rights under the FCRA in either federal or state court. *See* 15 U.S.C. § 1681p. Moreover, "a lack of Article III standing does not necessarily preclude a plaintiff from vindicating a federal right in state court." *Moore*, 2019 WL 2172706, at *2 (Citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018); *Soto v. Great Am. LLC*, 2018 WL 2364916, at *5 (N.D. Ill. May 24, 2018) ("[T]his means that a state court potentially has jurisdiction over a federal statutory violation in an instance where a federal court does not...."); *Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system."); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) ("Moreover, even when they adjudicate federal claims, state courts are not restricted by Article III of the Constitution, although they may have their own standing requirements."); *Zachary D. Clopton, Justiciability, Federalism, and the Administrative State*, 103 CORNELL L. REV. 1431 (2018)). Thus, remanding this case to state Court does not deprive Defendant of due process because Defendant can present any defenses it might have – including Plaintiff's standing under state law – in the state court proceedings.

Defendant's authority on jurisdictional discovery are not persuasive. In *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080. (9th Cir. 2003), a case involving National Environmental Policy Act (NEPA), the Ninth Circuit ordered jurisdictional discovery because the discovery might have resulted in a different outcome as to *dismissal* of the action – not a remand. *Id.* at 1093. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court addressed a "single question" of whether notice of removal must include evidentiary support of the amount-in-controversy. *Id.* at 551. Here, the removal was not based on diversity jurisdiction and thus the amount-in-controversy is not at issue. In *Lang Van, Inc. v. Vng Corp.*, 669 F. App'x 479 (9th Cir.

11

2016), the Ninth Circuit remanded to district court for jurisdictional discovery where the district court had *dismissed* the case for lack of *personal* jurisdiction.

In sum, the Court finds that jurisdictional discovery is not warranted.

### E. Plaintiff's Choice of Venue

In its opposition to Plaintiff's Motion, Defendant argues that this case has "no connection to Northern California." Opp'n at 6-7. Defendant has separately filed a motion to transfer this case to Virginia. ECF 27. First, Defendant's arguments regarding improper venue are irrelevant to the Motion to Remand and therefore the Court need to address them. Second, because the Court has decided that it lacks subject matter jurisdiction to hear this case, Defendant's Motion to Transfer Venue to the United States District Court for the District of Virginia at ECF 27 is TERMINATED as MOOT.

## IV. ORDER

For the foregoing reasons, Plaintiff's Motion to Remand at ECF 24 is GRANTED. Defendant's Motion to Transfer Venue to the United States District Court for the District of Virginia at ECF 27 is TERMINATED as MOOT. The Clerk shall remand this action to the Superior Court of the State of California for Santa Clara County.

**IT IS SO ORDERED.**

Dated: May 12, 2020

_____
BETH LABSON FREEMAN
United States District Judge